## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),[1]<br><br>　　　　　Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SAMSEN HOME FURNISHINGS, INC.,<br><br>　　　　　Defendant. | Adv. Proc. No. 22-_____ (CTG) |

**COMPLAINT FOR: (I) BREACH OF CONTRACT, (II) TURNOVER OF AMOUNTS DUE UNDER FRANCHISE AGREEMENT, (III) ACCOUNT STATED; (IV) GOODS SOLD AND DELIVERED; (V) DECLARATORY JUDGMENT; AND (VI) RECOVERY OF ATTORNEYS' FEES AND COSTS**

Plaintiff, Alfred T. Giuliano in his capacity as chapter 7 trustee of Start Man

Furniture, LLC, *et al.* (the "Plaintiff"), for the estates of the above-captioned debtors (the

"Debtors") in the above-captioned cases pending under chapter 7 of title 11 of the United States

Code (the "Bankruptcy Code"), by and through his undersigned counsel, as and for his *Complaint*

*For: (I) Breach of Contract; (II) Turnover of Amounts Due Under Franchise Agreement; (III)*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

*Account Stated; (IV) Goods Sold and Delivered; (V) Declaratory Judgment; and (VI) Recovery of*

*Attorneys' Fees and Costs* (the "Complaint") against the above-captioned defendant (the

"Defendant"), alleges as follows:

## THE PARTIES

1.      On March 8, 2020, each of the Debtors filed a voluntary petition with this

Court under chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly administered for

administrative purposes only.

2.      On April 6, 2020, the Court entered an order [D.I. 263] converting the

Debtors' cases to cases under chapter 7 of the Bankruptcy Code. On April 7, 2020, Alfred T.

Giuliano was appointed as the chapter 7 trustee of the Debtors [D.I. 264].  The Bankruptcy Code

authorizes the Trustee to perform the duties exercise the powers, and assert the rights of a trustee

under sections 704 and 1106 of the Bankruptcy Code, including without limitation, commencing,

prosecuting or settling causes of action, enforcing contracts or asserting claims and defenses on

behalf of the Debtors' estates.

3.      Defendant Samsen Home Furnishings, Inc. is a corporation formed under

the laws of the State of Ohio, with its principal office address at 22225 OH-51, Genoa, Ohio

43430.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code

pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from*

*the United States District Court for the District of Delaware* dated February 29, 2012.

5.      This proceeding is a core proceeding within the meaning of 28 U.S.C.

§ 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent

to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the

Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent

with Article III of the United States Constitution.

7.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8.      This adversary proceeding is initiated pursuant to Rule 7001(1) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105(a) and 542 of

the Bankruptcy Code.

## FACTS

9.      Prior to the Conversion Date, the Debtors offered customers a wide array of

home furnishings under several well-known brands, including Art Van Furniture, Pure Sleep,

Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture.

10.     Prior to the Petition Date, Debtor AVF was a franchisor of a nationally

recognized chain of furniture stores, and the "Art Van" brand and image were key to the overall

value and success of the Debtors' franchise system.  The Debtors' brand and image were based

principally on the use of certain trademarks (the "Marks") that the Debtors owned and licensed to

authorized franchisees.

11.     The Debtors spent substantial sums for advertising and promotion of the Marks.  The Marks were distinctive, widely recognized, and engendered a substantial amount of goodwill and consumer association.

12.     Prior to the Petition Date, Debtor AVF Franchising, LLC ("AVF") and Defendant were parties to a Franchise Agreement dated April 14, 2015 (the "Franchise Agreement").  A copy of the Franchise Agreement is attached to this Complaint as **Exhibit A**.

13.     Under the Franchise Agreement, the Defendant operated a furniture store using the Art Van name selling Art Van products using Art Van's Marks and franchise system. The Defendant's store was located at 22225 OH-51, Genoa, Ohio 43430 (the "Store").

14.     The Franchise Agreement required the Defendant to, among other things, pay certain royalties and other fees to AVF as consideration for the use of the Marks.  A failure to pay such fees and royalties was expressly considered a material breach under the Franchise Agreement.  *See* Franchise Agreement § 14.

15.     Under the Franchise Agreement, Defendant was obligated to pay various franchise fees and royalties to AVF.  *See* Franchise Agreement §4.  In particular, Defendant was required to pay to AVF weekly royalties of 5% on gross sales.  Franchise Agreement § 4.2 Defendant also periodically purchased merchandise from AVF for sale in Defendant's Store.

16.     Attached to this Complaint as **Exhibit B** is a list of amounts due from Defendant and owed to AVF under the Franchise Agreement (the "Franchisee Payable").  The aggregate amount due from Defendant to AVF is not less than $78,893.44.

17.     On or about November 12, 2021, the Plaintiff sent a demand letter to Defendant informing Defendant that it was in default of the Franchise Agreement and that the

Franchisee Payable was due at owing immediately with interest accruing at three percent (3%) per

month and fees due on the amount owed.[2]

### FIRST CLAIM FOR RELIEF
**(Breach of Contact)**

18.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

19.     Prior to the Petition Date, as stated above, Debtor AVF and the Defendant

entered into the Franchise Agreement, pursuant to which the Defendant agreed to pay certain

royalties and other fees to AVF as consideration for the use of the Marks, and to pay the Debtors

for any goods sold and delivered to Defendant.

20.     The Franchise Agreement is a valid and an enforceable contract in which the

Defendant was obligated to perform.

21.     The Debtors performed their obligations under the Franchise Agreement

with respect to the use of the Marks by the Defendant and the goods sold to Defendant.

22.     The Defendant's failure to compensate the Debtors under the Franchise

Agreement in an amount not less than the $78,893.44 Franchisee Payable, constitutes a material

breach of the Defendant's obligations under the Franchise Agreement.

23.     As a direct and proximate result of the Defendant's breaches, the Debtors'

estates incurred damages in an amount not less than $78,893.44.

24.     Accordingly, the Plaintiff is entitled to a judgment against the Defendant in

an amount not less than $78,893.44.

---

[2] The demand letter asserted that the Franchisee Payable was $45,511.00. After further reconciliation, the revised Franchise Payable is $78,893.44.

## SECOND CLAIM FOR RELIEF
### (Turnover of Property -- 11 U.S.C. §§ 105(a) and 542)

25.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

26.     The Defendant is in possession, custody or control of the Franchisee Payable as of the date of this Complaint.

27.     The Franchisee Payable that is in the possession, custody or control of the Defendant constitutes property of the Debtors' bankruptcy estates pursuant to section 541(a) of the Bankruptcy Code.

28.     The Plaintiff, on behalf of the Debtors' estates, has the power and authority to take possession, custody or control of Franchisee Payable.

29.     The Plaintiff has made demand for turnover of the Franchise Payable pursuant to section 542 of the Bankruptcy Code.  As of the date of this Complaint, Defendant has not turned over the Franchisee Payable to the Plaintiff.

30.     Pursuant to sections 105(a) and 542(a) of the Bankruptcy Code, the Defendant must deliver the Franchisee Payable to the Plaintiff.

## THIRD CLAIM FOR RELIEF
### (Account Stated)

31.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

32.     Debtor AVF sent invoices to Defendant that set forth the amounts due and owing for Defendant's purchase of goods from the Debtors.

33.     Defendant has never objected to the invoices described in **Exhibit B**.

34.     The Plaintiff has demanded that Defendant pay for the goods that it purchased and received from the Debtors.  Defendant has failed and refused to do so.

35.     There is an account stated, due and owing to Debtors in the amount of $78,893.44 for the Franchisee Payable, and Plaintiff is entitled to a judgment on that amount.

## FOURTH CLAIM FOR RELIEF
### (Goods Sold and Delivered)

36.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

37.     Within the year prior to the Petition Date, Defendant became indebted to Debtors for goods sold and delivered to Defendant and for which Defendant promised to pay.

38.     Defendant has failed to pay for the goods, despite the Plaintiff's demand therefor.  Plaintiff is therefore entitled to a judgment in the amount of the goods.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment – 28 U.S.C. §§ 2201, 2202)

39.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

40.     The Franchise Agreement provides:

**4.9  No Setoff; Application of Payments**.  Franchisee's obligations for the full and timely payment of the fees described in this Agreement are absolute and unconditional.  Franchisee must not delay or withhold the payment of all or part of those fees based on the alleged nonperformance by FRANCHISOR or for any other reason or put the fees in escrow or setoff against any claims Franchisee may allege against FRANCHISOR.  FRANCHISOR may apply any payments received first to any accrued late charges or interest and then to any delinquent fees or other amounts outstanding before crediting the payment in the manner specified by Franchisee or to the current amount due.

Franchise Agreement § 4.9.

41.     To the extent Defendant asserts setoff for lost profits or otherwise seeks recoupment or any other similar remedy, it may not do so and is prohibited by the express terms of the Franchise Agreement.

42.     An actual, substantial, and justiciable controversy exists between Plaintiff and Defendant regarding amounts due and owing under the Franchise Agreement.

43.     In addition, section 16.8 of the Franchise Agreement provides:

**16.8  Jury Waiver; Time Period for Bringing Claims; Limitation of Damages**. FRANCHISOR AND FRANCHISEE IRREVOCABLY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER AT LAW OR IN EQUITY, BROUGHT BY EITHER OF THEM AGAINST THE OTHER, WHETHER OR NOT THERE ARE OTHER PARTIES IN SUCH ACTION OR PROCEEDING. ALL CLAIMS ARISING UNDER THIS AGREEMENT OR FROM THE RELATIONSHIP BETWEEN THE PARTIES ARE BARRED UNLESS AN ACTION IS FILED AND TIMELY SERVED ON THE OPPOSING PARTY WITHIN ONE YEAR FROM THE DATE THE PARTY KNEW OR SHOULD HAVE KNOWN OF THE FACTS CREATING THE CLAIM, EXCEPT TO THE EXTENT ANY APPLICABLE LAW OR STATUTE PROVIDES FOR A SHORTER PERIOD OF TIME TO BRING A CLAIM OR AS OTHERWISE REQUIRED BYLAW.

FRANCHISEE WAIVES IN ANY JUDICIAL ACTION, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO OR CLAIM OF ANY SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST FRANCHISOR AND AGREES THAT IN THE EVENT OF A DISPUTE BETFRANCHISOREN [sic] THEM, FRANCHISEE WILL BE LIMITED TO THE RECOVERY OF ANY ACTUAL DAMAGES SUSTAINED BY FRANCHISEE.

Franchise Agreement § 16.8.

44.     Pursuant to section 16.8 of the Franchise Agreement, Defendant has waived any right to assert setoff damages or recoupment against the franchisor and is limited to recovering actual damages.

45.    Accordingly, the Plaintiff seeks a declaratory judgment and order from this Court under 28 U.S.C. §§ 2201 and 2202 that Defendant may not assert lost profits or any other damages as setoff or recoupment against amounts it owes the Debtors' estates.

### SIXTH CLAIM FOR RELIEF
**(Claim for Attorney's Fees and Costs)**

46.    Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

47.    In the event that Plaintiff prevails in this action, Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to Section 16 of the Agreement.

48.    Section 16.7 of the Agreement provides:

If any arbitration or legal action or other proceeding is begun for the enforcement of this Agreement, or for an alleged dispute, breach, default or misrepresentation under any term of this Agreement, then FRANCHISOR, if FRANCHISOR is the prevailing party, is entitled to recover reasonable pre-institution and post-institution attorneys fees, court costs, and all expenses even if not taxable as court costs (including all fees and expenses incident to appellate, bankruptcy and post-judgment proceedings), incurred in the action or proceeding in addition to all other relief to which FRANCHISOR is entitled.  Attorneys fees includes paralegal fees, administrative costs, investigative costs, costs of expert witnesses, court reporter fees, sales and use taxes, if any, and all other charges billed by the attorney to the prevailing party.  If FRANCHISOR engages legal counsel because of Franchisee's failure to pay when due any monies under this Agreement or submit when due any reports, information or supporting records, or for any failure to otherwise comply with this Agreement, Franchisee must reimburse FRANCHISOR on demand for all of the above listed expenses FRANCHISOR incurs.

49.    Plaintiff has incurred, and will continue to incur, attorneys' fees, costs, and expenses in prosecuting his claims set forth herein, all resulting from Defendant's breach of the Franchise Agreement, which will be supported by evidence at the appropriate time.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.      On the first claim for relief, for a determination and judgment that Plaintiff is entitled to recover from Defendant all damages caused by Defendant's breach of the Franchise Agreement in the amount of $78,893.44, plus prejudgment interest thereon;

b.      On the second claim for relief, for a determination and judgment compelling Defendant to turn over the Franchisee Payable amount to Plaintiff;

c.      On the third claim for relief, for a determination and judgment that Plaintiff is entitled to recover from Defendant the amount of goods sold and delivered to Defendant;

d.      On the fourth claim for relief, for a determination and judgment that Plaintiff is entitled to recover from Defendant the amount of goods sold and delivered to Defendant;

e.      On the fifth claim for relief, for a declaratory judgment that Defendant may not assert lost profits or any other damages as setoff or recoupment against amounts it owes the Debtors' estates;

f.      On the sixth claim for relief, for a determination and judgment awarding attorneys' fees and costs to Plaintiff under the Franchise Agreement;

g.      For costs of suit incurred herein; and

h.      For such other and further relief as the Court may deem just and proper.

Dated:  May 9, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

                                       */s/ Peter J. Keane*
                                       Bradford J. Sandler (DE Bar No. 4142)
                                       Jason S. Pomerantz, Esq. (CA Bar No. 157216)
                                       Peter J. Keane (DE Bar No. 5503)
                                       919 North Market Street, 17th Floor
                                       P.O. Box 8705
                                       Wilmington, Delaware 19899-8705 (Courier 19801)
                                       Telephone: (302) 652-4100
                                       Facsimile:  (302) 652-4400
                                       Email:    bsandler@pszjlaw.com
                                                 jspomerantz@pszjlaw.com
                                                 pkeane@pszjlaw.com

                                       *Counsel to Plaintiff, Alfred T. Giuliano, Chapter 7
                                       Trustee for the Estates of Start Man Furniture, LLC, et
                                       al.*